IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MANDIE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-01019-CV-W-GAF |
| | ) | |
| v. | ) | |
| | ) | |
| CASEY'S GENERAL STORE and | ) | |
| TAMMY MARCELLE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court is Plaintiff Mandie Rogers's ("Plaintiff") Motion to amend/correct Plaintiff's Petition. (Doc. # 5). Defendants Casey's General Store and Tammy Marcelle (collectively, "Defendants") oppose. (Doc. # 9). For the reasons stated below, Plaintiff's Motion is DENIED.[1]

## I. BACKGROUND

On February 20, 2018, Plaintiff filed a Charge of Discrimination ("Charge") with the Missouri Commission on Human Rights alleging claims against Casey's General Store, Sharon Uthe, and Shawn Paton. (Doc. # 1-1, ¶ 10). Plaintiff stated in her Charge that the "Date Discrimination took Place" was February 13, 2018, and alleges the named respondents discriminated against her by failing to promote her to the Store Manager Position. (Doc. # 9-1, p. 3).

---

[1] Also before the Court is Defendant Marcelle's Motion to dismiss. (Doc. # 7). Plaintiff has indicated that Defendant Marcelle was mistakenly named as a defendant. (Doc. # 5, ¶ 7). Further, Plaintiff does not oppose Defendant Marcelle's Motion. (*See* Docket Sheet). Accordingly, for the reasons stated in Defendant Marcelle's Suggestions in Support of her Motion (Doc. # 8), Defendant Marcelle's Motion to dismiss (Doc. # 7) is GRANTED and all claims against Defendant Marcelle are DISMISSED.

1

On August 21, 2018, the Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue. (Doc. # 9-2). Pursuant to the Notice, Plaintiff had 90 days, or until November 19, 2018, to file her claims against Casey's General Store, Sharon Uthe, and Shawn Paton. (*Id.*).

On November 15, 2018, Plaintiff filed her Petition for Damages in the Circuit Court of Clay County, Missouri. (Doc. # 1-1). Plaintiff's petition asserted claims of disability discrimination, retaliation, and hostile work environment under the Missouri Human Rights Act ("MHRA"). (*Id.*). Plaintiff's Petition named Defendants Casey's and Tammy Marcelle, but did not name Sharon Uthe or Shawn Paton. (*Id.*). On December 28, 2018, Defendants removed this action to this Court. (Doc. # 1). Subsequently, Plaintiff filed her Motion to Amend Plaintiff's Petition, seeking to add Sharon Uthe and Shawn Paton, both citizens of Missouri, as defendants. (Docs. # 5; 5-1, p. 1).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a "court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a). However, "there is no absolute right to amend." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 922 (8th Cir. 2015) (quotation omitted). A court may deny a motion to amend if the "amendment would unduly prejudice the non-moving party or would be futile." *Pompoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Additionally, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

**III.   ANALYSIS**

Denial of a motion for leave to amend on the basis of futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As of August 2017, the MHRA does not permit individual liability.  *See* MO. REV. STAT. § 213.010(8)(c) (2018) ("'Employer' shall not include . . . [a]n individual employed by an employer.").  While Plaintiff alleges in her Petition that her cause of action accrued before August 28, 2017 (Doc. # 1-1, ¶ 12), Plaintiff stated in her Charge that the "Date Discrimination took Place" was February 13, 2018, the date she alleges the respondents in the Charge discriminated against her by failing to promote her to Store Manager.  (Doc. # 9-1, p. 3).  This Court, along with Missouri courts, provide that MHRA claims accrue on the date of the alleged discriminatory acts.  *See, e.g., Ramsey v. Georgia-Pacific LLC*, 4:18-cv-00723-NKL, 2019 WL 123001, *3 (W.D. Mo. Jan. 7, 2019); *Plengemeier v. Thermadyne Indus., Inc.*, 409 S.W.3d 395, 400 (Mo. Ct. App. 2013); *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1032 (8th Cir. 2005).  As such, the Court finds that Plaintiff's MHRA claim accrued on February 13, 2018.

Sharon Uthe and Shawn Paton, as a matter of law, cannot be held liable for any allegedly discriminatory acts because the date of accrual for Plaintiff's alleged harm occurred after August 2017, when the MHRA was amended to exclude individual liability under the act.  Because Uthe and Paton cannot be held liable, the amended complaint would not "state a claim to relief that is

3

plausible on its face" that would survive a motion to dismiss.  *Twombly*, 550 U.S. at 570; *Cornelia I. Crowell GST Trust*, 519 F.3d at 782.  Therefore, Plaintiff's proposed amendment to her Petition is futile.

## **CONCLUSION**

Plaintiff's proposed amendment is futile.  For this reason and the reasons set forth above, Plaintiff's Motion to amend/correct Plaintiff's Petition (Doc. # 5) is DENIED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner  
GARY A. FENNER, JUDGE  
UNITED STATES DISTRICT COURT

DATED:  January 24, 2019

4

Case 4:18-cv-01019-GAF   Document 10   Filed 01/24/19   Page 4 of 4