IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MANDIE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-01019-CV-W-GAF |
| | ) | |
| v. | ) | |
| | ) | |
| CASEY'S GENERAL STORE and | ) | |
| TAMMY MARCELLE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Plaintiff Mandie Rogers's ("Plaintiff") Motion to Remand. (Doc. # 11). Defendant Casey's General Store, Inc. ("Defendant") opposes. (Doc. # 14). For the reasons provided below, Plaintiff's Motion to Remand is DENIED.[1]

## DISCUSSION

### I.   BACKGROUND

On November 15, 2018, Plaintiff, a citizen of Missouri, filed her Petition for Damages in the Circuit Court of Clay County, Missouri. (Doc. # 1-1). Plaintiff's Petition asserted claims of disability discrimination, retaliation, and hostile work environment under the Missouri Human Rights Act ("MHRA"). (*Id.*). Plaintiff's Petition named Defendants Casey's and Tammy Marcelle. (*Id.*). On December 28, 2018, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. # 1). Plaintiff then sought to amend her Petition by adding Sharon

---

[1] Also before the Court is Plaintiff's Second Motion for leave to file Second Amended Petition. (Doc. # 25). Defendant does not oppose this Motion. (Doc. # 32). Defendant has previously explained that Casey's General Stores, Inc., as a holding company that does not have employees, was not the proper corporate defendant. (Doc. # 1, p. 1). As such, Plaintiff was an employee of CMC, not Casey's General Store, Inc. (*Id.*). For these reasons, Plaintiff's Second Motion for leave to file Second Amended Petition is GRANTED.

1

Uthe and Shawn Paton, both citizens of Missouri. (Doc. # 5). On January 24, 2019, the Court issued an Order that denied Plaintiff's first Motion to Amend and granted Ms. Marcelle's Motion to Dismiss.

Plaintiff seeks remand on the basis that the amount in controversy is no greater than $75,000, thus depriving the Court of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), conceding that complete diversity exists between her and Defendant. (Doc. # 12, pp. 2-4). In support of this contention, Plaintiff proffered an affidavit in which she states: "I assert that damages in this cause do not exceed $75,000." (Doc. # 13).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). A federal district court may exercise removal jurisdiction only where the court would have had original jurisdiction had the action initially been filed there. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 [federal question jurisdiction] and 1332 [diversity jurisdiction]." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). A court must resolve all doubts about federal jurisdiction in favor of remand to state court. *Id*.

**III.    ANALYSIS**

In determining whether the amount in controversy meets the jurisdictional requirement, courts consider compensatory damages, punitive damages, and attorneys' fees. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992). When on the basis of a failure to satisfy the amount in controversy requirement, "'remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.'" *Ereth v. GMRI, Inc.*, No. 17-0694-CV-W-FJG, 2017 WL 6316645, at *2 (W.D. Mo. Dec. 11, 2017) (quoting *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012)). Further, "in a diversity action a plaintiff may not merely amend his [or her] complaint after removal to claim damages below the jurisdictional amount and deprive the federal court of jurisdiction. *Thatcher v. Hanover Ins. Group., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011).

The amount in controversy requirement "must be satisfied only with respect to the time of filing." *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). As such, "post-removal amendments with respect to the amount in controversy do not alter the analysis or authorize remand where removal was proper." *Coffee v. Walgreen Co.*, No. 4:06CV805-DJS, 2006 WL 2883378, at * 1 (E.D. Mo. Oct. 5, 2006). A court may only consider a post-removal stipulation or pleading if "it clarifies rather than amends an original pleading." *Knight v. Nationwide Ins. Co. of Am.*, No. 16-CV-01315-W-FJG, 2017 WL 2983046, at * 3 (W.D. Mo. July 12, 2017). Missouri prohibits a plaintiff from seeking a specific amount of damages in his or her petition, so a court may consider post-removal stipulations only if they clarify, rather than amend, the original pleading. *Id*.

In this case, Plaintiff's only support for her motion to remand is a single statement: "I assert that damages in this cause do not exceed $75,000." (Doc. # 13). Plaintiff does not state that she will not ask for or accept an amount in damages greater than $75,000. *See Nukic v. Masterbrand Cabinets, Inc.*, No. 4:15 CV 491 RWS, 2015 WL 13657181, at *2 (E.D. Mo. Apr. 7, 2015). The affidavit also fails to create a binding stipulation that Plaintiff will neither seek nor accept an award of attorneys' fees or punitive damages, both available and sought in this case, in excess of $75,000. *Martin v. Mission Grp. Kan., Inc.*, No. 15-CV-00257-W-DW, 2015 WL 12835695, at *3 (W.D. Mo. June 24, 2015).

Plaintiff's nearly bare affidavit does not show that, based on a preponderance of evidence, the amount in controversy was less than $75,000 at the time of removal. Defendant noted that Plaintiff is seeking compensatory damages including lost wages, lost benefits, future wages, and emotional distress damages; attorneys' fees; and punitive damages for her claims. (Doc. # 1, pp. 7-9). Defendant also established when it removed the case to this Court that Missouri state courts have awarded damages in excess of $100,000 in compensatory damages; greater than $600,000 in attorneys' fees; and greater than $3,000,000 in punitive damages in MHRA claims. (*Id.*). Plaintiff simply asserting that the damages in her claim are no greater than $75,000 fails to establish to a legal certainty that the amount in controversy has not been satisfied. *See Usery v. Anadarko Petrol. Corp.*, 606 F.3d 1017, 1019 (8th Cir. 2010) ("The question is not how a plaintiff subjectively values a right or even what his or her good-faith estimate of its objective value is: The question is the actual value of the object of the suit.").

## CONCLUSION

Plaintiff fails to show that Defendant did not establish an amount in controversy was greater than $75,000 at the time the case was filed. As such, Plaintiff has not established that

Defendant's removal of this case pursuant to 28 U.S.C. § 1441 was improper.  Accordingly, for these reasons and the reasons provided above, Plaintiff's Motion to Remand is DENIED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
GARY A. FENNER, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED:  March 26, 2019