# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| MANDIE ROGERS, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 18-01019-CV-W-GAF** |
| | ) | |
| CASEY'S GENERAL STORE, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Now before the Court is Plaintiff Mandie Rodger's ("Plaintiff") Motion for Leave to File Third Amended Complaint. (Doc. # 56). Defendants Casey's General Store and Casey's Marketing Company (collectively "Defendants") oppose to the extent Plaintiff seeks to amend her Complaint to add new allegations and causes of action not asserted in Plaintiff's Second Charge of Discrimination filed against Defendants pursuant to the Missouri Human Rights Act ("MHRA"). (Doc. # 58). For the reasons stated below, Plaintiff's Motion for Leave to File Third Amended Complaint is GRANTED in part and DENIED in part.

## DISCUSSION

### I.     BACKGROUND

On February 20, 2018, Plaintiff filed her first Charge of Discrimination ("first charge") with the Missouri Commission of Human Rights ("MCHR"). (Doc. # 58-1). The first charge alleges claims of disability, retaliation, and hostile work environment. (*Id.*). Plaintiff did not check the box marked "sex" on the first charge form. (*Id.* at p. 3). The first charge narrative alleges discriminatory conduct on the part of Defendants arising from Plaintiff being purportedly passed over for a promotion to First Assistant Manager on February 13, 2018. (*Id.* at pp. 3-4). Plaintiff alleges she was not promoted because "[she] is unable to get a driver's license" due to disability.

(*Id.*).  On or about August 21, 2018, the MCHR issued a Notice of Right to Sue on the first charge. (Doc. # 58-2).  Plaintiff subsequently filed her petition for damages on November 15, 2018 in the Circuit Court of Clay County, Missouri.  (Doc. # 1-1).  The case was removed to this Court on December 28, 2018, and Plaintiff filed a second Charge of Discrimination ("second charge") with the MCHR on February 26, 2019.  (*See* Docket Sheet; Doc. # 58-3).

The second charge alleges claims of disability, retaliation, and hostile work environment stemming from a dispute with a co-worker ("Will") wherein Will threatened to quit after Plaintiff tasked him with emptying recycling bins.  (Doc. # 58-3, p. 2).  Plaintiff alleges her subsequent conversation with Will in which she urged him not to quit led to her demotion to cashier and temporary suspension commencing on February 12, 2019.  (*Id.*).  The second charge narrative further alleges Plaintiff's suspension and demotion are "in direct retaliation for [her] previous charge of discrimination and resulting lawsuit."  (*Id.* at p. 3).  Plaintiff did not check the box marked "sex" on the second charge form.  (*Id.* at p. 2).  The only reference to sexual harassment by Plaintiff in either administrative complaint is one sentence in the second charge that alleges, "[Will] has been previously disciplined for inappropriate sexual comments in the workplace, yet still remains employed."  (*Id.*).  There are no allegations in the second charge that indicate Plaintiff was subjected to Will's sexual comments at any time.  (*Id.*).  Plaintiff filed a Second Amended Petition on May 1, 2019 and received a Notice of Right to Sue on the second charge on August 26, 2019.  (Doc. # 58-4).  Plaintiff's pending Motion for Leave to file a Third Amended Complaint followed.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  Leave to amend should be freely granted unless "there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the non-moving party, or futility of the amendment." *Popalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). However, "[w]hen a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional." *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716 (8th Cir. 2008).

A district court may deny leave based on futility where the "court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Id.*) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## III.    ANALYSIS

## A.    Good Cause

The deadline for seeking leave to amend the pleadings was March 1, 2019. (Doc. # 22). Plaintiff's pending Motion comes seven months after the deadline, and therefore, Plaintiff must show good cause before the Court may grant her Motion. *Sherman*, 532 F.3d at 716. Plaintiff has done so here. The Court is mindful that Plaintiff did not file her second charge until February 26, 2019. (Doc. # 56, p. 1, ¶ 4, Doc. # 58-3). Consequently, the Missouri Commission on Human Rights ("MCHR") did not issue a Notice of Right to Sue on the second charge until August 26, 2019. (Doc. # 56, pp. 1-2, ¶ 5). It is understandable that, under these circumstances, Plaintiff could not move to amend her Complaint to include allegations and claims stemming from the second charge until recently. However, for reasons explained below, the Court cannot allow

3

Plaintiff's proposed amended complaint as presented.

**B.    Futility of Claims**

Plaintiff alleges claims of hostile work environment based on sexual harassment as well as retaliation stemming from complaints made about sexual harassment in her proposed Third Amended Complaint ("proposed Complaint").   (Doc. # 56-1, ¶¶ 94, 95, 98, 105).   Defendants argue allowing Plaintiff to amend to add sexual harassment claims at this juncture would be futile since Plaintiff did not exhaust all administrative remedies regarding those claims.[1]   (Doc. # 58).   The Court agrees.

"The MHRA requires that all administrative remedies be exhausted before petitioning the courts for relief."   *Reed v. McDonald's Corp*., 363 S.W.3d 134, 143 (Mo. Ct. App. 2012).   "If failure to exhaust 'is apparent on the face of the complaint,' it 'can provide the basis for dismissal under Rule 12(b)(6).'"   *Johnson v. City of Kansas City, Missouri*, No. 4:18-00015-CV-RK, 2019 WL 252539, at *3 (W.D. Mo. Jan. 17, 2019) (quoting *ABF Freight Sys., Inc. v. Int'l Bhd. Of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013)).   "In order to exhaust all administrative remedies, the claimant must give notice of all claims in the administrative complaint."   *Reed*, 363 S.W.3d at 143.   The administrative charge must "set forth the particulars of "the unlawful discriminatory practice."   Mo. Rev. Stat. § 213.075.1.   However, "administrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." *Alhalabi v. Mo. Dep't of Nat. Res*., 300 S.W.3d 518, 524 (Mo. Ct. App. 2009) (citing *Tart v. Hill Behan Lumber Co*., 31 F.3d 668, 671 (8th Cir. 1994)).   "Accordingly, administrative remedies will be exhausted as to all incidents that are like or reasonably related to

---

[1] Defendants do not oppose allowing Plaintiff to amend her complaint to the extent she seeks to add claims based on acts alleged in the second charge, namely, her demotion and suspension. (Doc. # 58, p. 4).  The Court's analysis is therefore limited solely to Plaintiff's sexual harassment allegations.

4

the allegations contained in the charges filed with the MCHR." *Reed*, 363 S.W.3d at 143.

"Further, the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." *Alhalabi*, 300 S.W.3d at 525.

While Plaintiff's proposed Complaint does raise factual allegations of sexual harassment, these allegations do not satisfy the MHRA's prerequisite that the allegations be stated with particularity in the charge itself. To establish a prima facie case of sexual harassment under the MHRA, a plaintiff must show that, "(1) she is a member of a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment, and (5) the employer knew or should have known of the harassment and failed to take appropriate remedial action." *Cunningham v. Kansas City Star Co.*, 995 F. Supp. 1010, 1027 (W.D. Mo. 1998). Plaintiff's allegation contained in the second charge that "[Will] has been disciplined previously for inappropriate sexual comments in the workplace, yet still remains employed," is the only reference to sexual harassment in the administrative charges. (*See* Doc. ## 58-1; 58-3).

Plaintiff satisfies the first element because she is a member of a protected group. However, she fails to establish a prima facie case for sexual harassment because she has not alleged that she was the subject of the harassment, that the harassment was based on her sex or that the harassment affected a term, condition, or privilege of her employment. To the contrary, Plaintiff's second charge narrative belies any inference that the alleged discriminatory conduct was in any way connected to Plaintiff's sex. She alleges her suspension and demotion resulted from a conversation she had with Will wherein he threatened to quit after Plaintiff asked him to empty recycling bins. (Doc. # 58-3, p. 2). By Plaintiff's own admission, she "asked [Will] not to quit." (*Id.*). If Plaintiff were experiencing unwelcome sexual harassment, it is unlikely she would have made such a

5

request. Plaintiff's statements are similarly unavailing in proving retaliation resulting from sexual harassment complaints. She alleges "[her] suspension and demotion are in direct retaliation for [her] previous Charge of Discrimination and resulting lawsuit." (*Id.* at p. 3). Plaintiff did not make any allegations of sexual harassment in her first charge nor did she check the "sex" box on either charge. Taken as a whole, the administrative complaints do not establish a prima facie case for sexual harassment and do not provide a basis for exhaustion. Therefore, Plaintiff cannot establish that she exhausted all administrative remedies regarding the sexual harassment claims unless she can show those claims are reasonably related to other claims that were properly pled in the charges.

The Eighth Circuit has previously held that a retaliation claim was not "like or reasonably related to" an administrative charge alleging only sex and race-based allegations where the plaintiff "identified a single date on which the alleged discrimination took place, and she did not identify retaliation as a basis for her charge or set forth any facts regarding alleged retaliation." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 854 (8th Cir. 2012). Although the facts in the current cause are inverted in that retaliation was alleged by Plaintiff in the charges and sex-based discrimination was not, the same reasoning applies.

Plaintiff's first charge makes clear the alleged discriminatory act of being passed over for a promotion occurred on February 13, 2018. Plaintiff's proposed Complaint on the other hand, alleges the purported acts of sexual harassment occurred "on or about September of 2018," seven months *after* the date stated in the charge. (Doc. # 56-1, ¶ 52). Accordingly, no inference of a reasonable relationship between the two incidents can be drawn absent factual support, of which there is none. Due to the discrepancy in time, there is no reason to believe an administrative investigation into the first charge would encompass Plaintiff's sexual harassment claims.

Similarly, the date of the discriminatory act alleged in the second charge prevents the Court from finding Plaintiff's sex-based claims fall within the ambit of the administrative complaint. Plaintiff's second charge alleges the retaliatory acts of demotion and suspension occurred on or about February 12, 2019. (Doc. # 58-3 p. 3). Again, no factual support is offered in the charge which could allow the Court to infer a plausible connection between Plaintiff's demotion and purported acts of sexual misconduct alleged to have occurred five months prior.

## IV.    CONCLUSION

As Plaintiff's sexual harassment claims do not reasonably relate to the claims in her first and second charges, Plaintiff cannot be said to have exhausted all administrative remedies regarding those claims. The sexual harassment claims are futile and could not withstand a motion to dismiss. However, Defendants do not oppose allowing Plaintiff to amend her complaint to the extent she seeks to add claims based on acts alleged in the second charge, namely, her demotion and suspension. Accordingly, Plaintiff's Motion for Leave to File Third Amended Complaint is GRANTED in part and DENIED in part. Plaintiff shall file her Third Amended Complaint, consistent with rulings in this Order on or before December 9, 2019.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED:  December 2, 2019